IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM ALBERT HEBERT | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-69 |
| MATTHEW BROWN | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

William Albert Hebert, proceeding *pro se,* filed the above-styled civil rights lawsuit. This matter was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

The court previously entered a Preliminary Filing Fee Order. (Doc. #8.) A copy of the Order was sent to Plaintiff at the San Jacinto County Jail, the address Plaintiff provided to the court. The copy of the Order sent to Plaintiff was returned to the court, with a notation indicating Plaintiff was no longer confined at the Jail. (Doc. #8.) Plaintiff has not supplied the court with a new address or otherwise contacted the court.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Eastern District of Texas Local Rule CV-11(d) requires *pro se* litigants such as Plaintiff to provide the court with a physical address and keep the clerk advised in writing of a current address.

By not providing the court with his current address, Plaintiff has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to

diligently prosecute this case. As a result, this case should be dismissed without prejudice for want of prosecution.

### Recommendation

This civil rights lawsuit should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 19th day of December, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE